IN THE DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:14-cv-03906-WMN |
| MARYLAND DEPARTMENT OF | * | |
| HEALTH & MENTAL HYGIENE, et al. | * | |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants Maryland Department of Health and Mental Hygiene, Joshua Sharfstein, Gayle Jordan-Randolph, Brian Hepburn, MuhammedAjanah, Leslie McMillan, David O'Neal, Barbara Allgood-Hill and SaeedSalehinia (collectively, "Defendants"), by and through their attorneys, Douglas F. Gansler, Attorney General of Maryland, and Francesca Gibbs and Kathleen Morse, Assistant Attorneys General,  file this Answer to Plaintiff's Complaint.

The paragraph numbers in this Answer correspond to the paragraph numbers of the Complaint.

## NATURE OF CLAIMS

1-3.   Defendants admit that S. M. had a mental health disorder and cognitive disabilitiesduring the time periods alleged in the complaint; that she was admitted for evaluations of her competency to stand trial, to Clifton T. Perkins Hospital Center ("Perkins") in 2011 and to the DDA Secure Evaluation

and Therapeutic Treatment facility ("SETT") at Jessup in 2012; and that, while at Perkins, she was opined to be incompetent to stand trial.  Defendants deny the remaining allegations in these paragraphs.

4.      Defendants deny the allegations of paragraph 4.

5.      The last sentence of the paragraph does not require an answer.  Defendants deny the remaining allegations inthe paragraph.

## JURISDICTION, VENUE AND NOTICE TO THE STATE

6.      The first sentence of the paragraph is a conclusion of law to which no answer is required. Defendants admit the allegations in the second sentence of the paragraph

7.      The first sentence of the paragraph is a conclusion of law to which no answer is required. Defendants admit the allegations of the second and third sentences of the paragraph.  Defendants deny the remaining allegations in the paragraph.

8.      Defendants admit that Plaintiff submitted the letters identified in the paragraph to the Maryland State Treasurer.  To the extent that the paragraph sets out conclusions of law, no answer is required.  Defendants deny the remaining allegations of the paragraph.

## PARTIES

9.      Defendants admit the allegations of the first sentence of the paragraph.  Defendants admit that Plaintiff was at Perkins and the Jessup SETT facility at the times specified in the Complaint. Defendants deny any remaining allegations of the paragraph.

10.     Defendants are without sufficient knowledge to either admit or deny the allegations in this paragraph.

2

11.     Defendants deny that they have "complete and ultimate authority for the operations at Perkins and SETT." The last sentence of the paragraph is a conclusion of law to which no answer is required. Defendants admit the remaining factual allegations of the paragraph.

12.     The authority and responsibilities of Defendant Sharfstein, as Secretary of DHMH, are set out in Md. HEALTH-GEN. Code Ann., §§2-102, 2-104, 2-105, 2-106, and 2-108 (2009 Repl. Vol., 2014 Supp.). To the extent that the paragraph alleges any other facts, those allegations are denied.

13.     Defendants admit that Defendant Jordan-Randolph currently is Deputy Secretary of Behavioral Health and Disabilities. Defendants admit that, from 2004 to 2012, Defendant Jordan-Randolph was Clinical Director for the Mental Hygiene Administration (MHA), where her duties included policy development and clinical oversight for MHA facilities. To the extent that the paragraph alleges any other facts, those allegations are denied.

14.     The authority and responsibilities of Defendant Hepburn, as Director of the Behavioral Health Administration are set out in Md. HEALTH-GEN. Code Ann., § 7.5-204 (2009 Repl. Vol., 2014 Supp.). To the extent that the paragraph alleges any other facts, those allegations are denied.

15.     Defendants admit Defendant Ajanah was acting CEO and Clinical Director for Perkins during the time that Plaintiff was confined at Perkins. Defendants deny the remaining allegations of the paragraph.

16.     Defendants admit that, in 2012, Defendant McMillan was the Director of the Office of Court-Involved Services for DDA and, in that position, had broad supervisory oversight of the SETT. Defendants deny the remaining allegations of the paragraph.

17.     Defendants admit that Defendant O'Neal is the Unit Director of the Jessup SETT facility and, as such, has administrative responsibility for the operations of that facility. Defendants deny all other allegations of the paragraph.

18.     Defendants admit that Defendant Allgood-Hill is the Chief of Psychology Services at the Jessup SETT facility and that SETT treatment plans should provide for clinically appropriate health care practices and include therapeutic interventions, including for sexual trauma, if appropriate, for the patient. Defendants deny the remaining allegations of the paragraph.

19.     Defendants admit that Defendant Salehnia is responsible for providing psychiatric treatment to patients at the Jessup SETT facility, and that the psychiatric elements of a treatment plan should provide for clinically appropriate psychiatric care, including for sexual trauma if appropriate for the patient. Defendants deny the remaining allegations of the paragraph.

## FACTS COMMON TO ALL COUNTS

A.     **Background**

20.     Defendants are without sufficient information to either admit or deny the allegations in the first sentence of the paragraph. Defendants deny that patients, including Plaintiff, are "committed" to the SETT. Defendants admit the remaining factual allegations of the paragraph.

21.     The content of the report identified in the paragraph is set out in that report. To the extent that the paragraph contains any other factual allegations, they are denied.

22.     Defendants are without sufficient information at this time to either admit or deny the allegations in this paragraph.

23.     Defendants admit that S.M. was, at times, in State custody as a youth and in an out-of-State placement at one time. Defendants are without sufficient information at this time to either admit or

deny the description of the content of the unidentified documents to which the paragraph refers.

Defendants admit that behavior plans were developed for the Plaintiff.  Defendants admit that some but

not all of Jane Doe's records were reviewed in developing a report on Plaintiff's competency to stand

trial.  To the extent that the paragraph contains any other factual allegations, they are denied.

### B. The Alleged Sexual Assault at Perkins.

24. Defendants deny that the charges referred to were "minor," and that Plaintiff was "committed" to Perkins.  The remaining allegations of the paragraph are admitted.

25. Defendants admit that patients confined to Perkins receive a risk assessment.Defendants are without sufficient information at this time to either admit or deny the quotations from and descriptions of the contents of the unidentified documents to which the paragraph refers.  To the extent that the paragraph contains any other factual allegations, they are denied.

26. The content of the document to which the paragraph refers is set out in that document. To the extent that the paragraph contains any other factual allegations, they are denied.

27. Defendants are without sufficient information at this time to either admit or deny the contents of the unidentified documents to which the paragraph refers.  Defendants deny the remaining allegations of the paragraph.

28. Defendants are without sufficient information at this time to either admit or deny the content of the unidentified document to which the paragraph refers.  Defendants deny the remaining allegations of the paragraph.

29. Defendants deny the allegations of the paragraph.

30.    Defendants are without sufficient information at this time to either admit or deny the quotations from and descriptions of the contents of the unidentified documents to which the paragraph refers. To the extent that the paragraph contains any other factual allegations, they are denied.

31.    Defendants deny the allegations set forth in ¶ 31 of Plaintiff's Complaint.

32.    Defendants are without sufficient information at this time to either admit or deny the quotations from and descriptions of the contents of the unidentified documents to which the paragraph refers. Defendants deny the remaining allegations of the paragraph.

33.    Defendants are without sufficient information at this time to either admit or deny the quotations from and descriptions of the contents of the unidentified documents to which the paragraph refers. Defendants deny the remaining allegations of the paragraph.

34.    Defendants deny the allegations of the paragraph.

35.    Defendants admit that, in September 2010, a female patient at Perkins was murdered by a male patient. Defendants deny the remaining allegations of the paragraph.

36.    Defendants admit that the General Assembly passed Chapters 248 and 249 of the 2011 Laws of Maryland, relating to trauma-informed care. The description of those laws constitutes a conclusion of law to which no answer is required. Defendants admit that DHMH has broad responsibility for ensuring compliance with Maryland laws as they apply to DHMH and its units. To the extent that the paragraph contains any other factual allegations, they are denied.

37.    Defendants admit that they retained consultants and submitted reports to the General Assembly as required by Chapters 248 and 249, and that one of the reports to the General Assembly was dated December 1, 2012. The content of the report is set out in that document. To the extent that the paragraph contains any other factual allegations, they are denied.

38.     Defendants admit that two Perkins patients were killed by other patients on the dates identified.  Defendants are without sufficient information at this time to either admit or deny the characterization of the unidentified medical records to which the paragraph refers.  Defendants deny any remaining allegations in the paragraph.

39.     Defendants admit that, on November 6, 2011, Jane Doe was escorted to the Perkins gymnasium for recreation; that, at that time, Jane Doe had a 1:1 staff person assigned to her; and that the 1:1 staff person did not remain with Jane Doe during the entire time that she was at the gymnasium.  To the extent that the paragraph contains any other factual allegations, they are denied.

40.     Defendants admit the first sentence of the paragraph.  Defendants admit that the male patient was found competent to stand trial, convicted of attempted sexual offense in the first degree and burglary, and was sentenced to life in prison, with all but 12 years suspended.    To the extent that the paragraph contains any other factual allegations, they are denied.

41.     Defendants deny the allegations of the paragraph.

42.     The answer to paragraph 39 is repeated and incorporated by reference in this paragraph.

43.     Defendants admit the allegations in the first sentence of the paragraph.  Defendants deny the remaining allegations of the paragraph.

44.     Defendants admit the allegations in this paragraph.

45.     Defendants deny the allegations in this paragraph.

46 - 47.    Defendants deny the allegations in these paragraphs.

48.     Defendants admit the allegations set forth in the first and fourth sentences of the paragraph.  Defendants deny the remaining allegations of the paragraph.

49.     The content of the document to which the paragraph refers is set out in that document. Defendants deny the allegations in the second sentence of the paragraph. To the extent that the paragraph contains any other factual allegations, they are denied.

50.     Defendants admit the allegations in this paragraph.

51.     Defendants admit that Plaintiff was transported to Howard County General Hospital for a sexual assault examination on November 6, 2011. Defendants are without sufficient information at this time to either admit or deny the allegations regarding any conversation between Plaintiff and the unidentified security officer during transit. To the extent that the paragraph contains any other factual allegations, they are denied.

52.     The content of the document to which the paragraph refers is set out in that document. Defendants are without sufficient information at this time to either admit or deny the remaining allegations in the paragraph.

53.     Defendants admit that the physical evidence obtained from Howard County General Hospital was not immediately provided to Maryland State Police. Defendants deny the remaining allegations in the paragraph.

54.     Defendants are without sufficient information at this time to either admit or deny the allegations contained in ¶ 54 of Plaintiff's Complaint.

55.     Defendants admit that Perkins notified the Maryland State Police of the incident, and that the matter was referred to the State's Attorney, who declined to pursue the matter. To the extent that the paragraph contains any other factual allegations, they are denied.

56.     Defendants admit the allegations contained in the first, second, third and fourth sentences of ¶ 56 of Plaintiff's Complaint and deny the remaining allegations in the paragraph.

57.     Defendants are without sufficient information at this time to either admit or deny the allegations contained in ¶ 57 of Plaintiff's Complaint.

58.     Defendants admit that Jane Doe was discharged from Perkins in January 2012. The content of the document to which the paragraph refers is set out in that document. To the extent that the paragraph contains any other factual allegations, they are denied.

### C.  The Alleged Sexual Assault at DHMH's SETT Facility

59.     Defendants admit that, in October 2012, Jane Doe was referred to DHMH for assessment of her competency to stand trial.   To the extent that the paragraph contains any other factual allegations, they are denied.

60.     Defendants admit that Plaintiff was placed at the Jessup SETT facility in October 2012 and was the only female patient in the unit.  To the extent that the paragraph contains any other factual allegations, they are denied.

61.     Defendants admit the allegations contained in the paragraph.

62.     Defendants deny the allegations of the first sentence of the paragraph.  The content of the document to which the paragraph refers is set out in that document.  To the extent that the paragraph contains any other factual allegations, they are denied.

63-68.  Defendants deny the allegations of these paragraphs.

69.     Defendants are without sufficient information to either admit or deny the allegations regarding the content of the identified documents to which the paragraph refers.  Defendants deny the remaining allegations of the paragraph.

70.     Defendants admit the first and second sentences of the paragraph.  Defendants deny the remaining allegations of the paragraph.

71.     Defendants admit that Plaintiff was recommended for electroconvulsive therapy while at the Jessup SETT facility.  Defendants deny the remaining allegations of the paragraph.

72.     Defendants admit that Plaintiff received medication on November 2, 2012.  Defendants deny the remaining allegations of the paragraph

73.     Defendants admit that, on November 3, 2012, Plaintiff had a sexual encounter with a male patient in a shower room of the Jessup SETT facility, and that another male patient was present at the door of the shower room at the time.   To the extent that the paragraph contains any other factual allegations, they are denied.

74.     Defendants admit that the male patient with whom Plaintiff had the sexual encounter referred to in paragraph 73 was confined at the Jessup SETT facility for an evaluation of competency to stand trial and was HIV positive.  Defendants are without sufficient information to either admit or deny the content of the unidentified document to which the paragraph refers.  To the extent that the paragraph contains any other factual allegations, they are denied.

75-79.  Defendants deny the allegations of these paragraphs.

80.     Defendants admit that, following the sexual encounter, a security officer asked Jane Doe whether she had washed herself, and instructed her to do so.  Defendants deny the remaining allegations of the paragraph.

81.     Defendants admit that Jane Doe was not transported to a hospital following the sexual encounter for further examination.  To the extent that the paragraph contains any other factual allegations, they are denied.

82.     Defendants deny the allegations of this paragraph.

83.     Defendants are without sufficient information to either admit or deny the allegations regarding the content of the unidentified document quoted and referred to in the paragraph.  To the extent that the paragraph contains any other factual allegations, they are denied.

84.     Defendants are without sufficient information to either admit or deny the allegations of the paragraph.

85.     Defendants are without sufficient information to either admit or deny the allegations regarding the content of the unidentified documents referred to in the paragraph. To the extent that the paragraph contains any other factual allegations, they are denied.

86.     Defendants deny the allegations of the paragraph.

87.     Defendants admit that Plaintiff complained of the conditions listed, and deny any remaining allegations in the paragraph.

88.     Defendants admit the allegations in the paragraph, and state that Plaintiff did not become infected with HIV.

89.     Defendants admit the allegations set forth in ¶ 89 of Plaintiff's Complaint.

90.     The content of the document to which the paragraph refers is set out in that document. To the extent that the paragraph contains any other factual allegations, they are denied.

91.     Defendants admit the allegations of the paragraph.

92.     The content of the document to which the paragraph refers is set out in that document. To the extent that the paragraph contains any other factual allegations, they are denied.

93.     Defendants admit that Jane Doe was transferred to Perkins on November 21, 2012. Defendants deny the remaining allegations in the paragraph.

94.     The content of the document to which the paragraph refers is set out in that document. Defendants deny the remaining allegations in the paragraph.

95.     The content of the document to which the paragraph refers is set out in that document. Defendants deny the remaining allegations in the paragraph.

**D.  The Alleged Injuries to Jane Doe and Defendants' Alleged Wrongful Acts and Omissions.**

96.     Defendants deny the allegations of the paragraph.

97.     The paragraph sets out a conclusion of law, to which no answer is required.

98-108.    Defendants deny the allegations of these paragraphs.

109.    Defendants admit that Jane Doe has a history of multiple criminal charges, criminal prosecutions, and admissions to DHMH facilities and programs.  Defendants deny the remaining allegations of the paragraph.

110.    Defendants are without sufficient information at this time to either admit or deny the allegations of the content of the unidentified documents referred to in the paragraph.  To the extent that the paragraph contains any other factual allegations, they are denied.

111.    Defendants deny the allegations of the paragraph.

<u>**CLAIMS FOR RELIEF**</u>

<u>**Count One**</u>

112.    Defendants incorporate by reference their answers to ¶¶ 1 – 111 as if fully set forth in this paragraph.

113.    The paragraph sets out a conclusion of law, to which no answer is required.

114-129.      Defendants deny the allegations in these paragraphs.

## Count Two

130.    Defendants incorporate by reference their answers to the allegations in ¶¶ 1-129 as if fully set forth in this paragraph.

131.    The paragraph sets out a conclusion of law, to which no answer is required.

132-149.        Defendants deny the allegations in these paragraphs.

## Count Three

150.    Defendants incorporate by reference their answers to the allegations in ¶¶ 1-149 as if fully set forth in this paragraph.

151.    Defendants deny the allegations of the paragraph.

152.    Defendants admit that Jane Doe was confined at Perkins and the Jessup SETT facility, both State-operated facilities.  Defendants deny any other allegations of fact in the paragraph.

153-155. These paragraphs set out conclusions of law, to which no answer is required.

156-157. Defendants deny the allegations of these paragraphs.

158.    Defendants admit that on October 21, 2011, a patient at Perkins was found dead, and another patient was charged with his murder.  Defendants admit that on October 27, 2011, another patient at Perkins was found dead, and a different patient was charged with the murder.  Defendants deny the remaining allegations in the paragraph.

159.    Defendants deny the allegations of the paragraph.

160.    Defendants admit that Defendants Jordan-Randolph, Hepburn and Ajanah were aware that Perkins had three different CEOs during 2011.  Defendants deny the remaining allegations in the paragraph.

161-164.        Defendants deny the allegations of these paragraphs.

13

165.     Defendants admit that they engaged expert consultants to assess the need for, and to develop, policies and training on sexual abuse, sexual harassment and trauma-informed care at the State facilities. The content of the reports to which the paragraph refer is set out in those documents. Defendants deny the remaining allegations in the paragraph.

166.     Defendants admit that Defendants Jordan-Randolph, Hepburn, and Ajanah knew that patients have a right to adequate treatment that comports with professional standards of care, and that failure to act in accordance with professional standards of care can, in certain situations, result in injury. Defendants deny the remaining allegations in the paragraph.

167.     Defendants deny the allegations of the paragraph.

168.     Defendants are without sufficient information at this time to either admit or deny the allegations of the content of the unidentified legislative hearings referred to in the paragraph, and deny the remaining allegations of the paragraph.

169-175.     Defendants deny the allegations in these paragraphs.

176.     Defendants admit that Defendants McMillan, O'Neal, Allgood-Hill and Salehinia knew that Jaen Doe was the only female at the Jessup SETT facility in November 2012. Defendants deny the remaining allegations in the paragraph.

177.     Defendants are without sufficient information at this time to either admit or deny the allegations of the first sentence of the paragraph, because no time frame is alleged. Defendants deny the remaining allegations of the paragraph.

178.     Defendants admit that Jane Doe's medical records include various evaluations and reports and some allegations of sexual abuse. Defendants deny the remaining allegations in the paragraph.

179.    Defendants deny the allegations in the paragraph.

180.    Defendants are without sufficient information at this time to either admit or deny the allegations of the third sentence of the paragraph, as no date or patient is specified.  Defendants admit that Defendant McMillan had some knowledge of Jane Doe's treatment and that she administratively arranged for Jane Doe's evaluation for competency to stand trial in the fall of 2012.  Defendants deny any remaining allegations of fact in the paragraph.

181.    The content of the identified documents to which the paragraph refers is set out in those documents.  Defendants are without sufficient information at this time to either admit or deny allegations regarding the content of documents that are not identified in the paragraph.  Defendants admit that Jane Doe did not receive ECT treatment while she was at the Jessup SETT facility.  To the extent that the paragraph contains any other factual allegations, they are denied.

182.    The content of the document to which the paragraph refers is set out in that document. Defendants deny any remaining allegations in the paragraph.

183.    Defendants deny the allegations in this paragraph.

184.    Defendants admit that Jane Doe was provided with contraception and medication to prevent transmission of HIV.  Defendants deny the remaining allegations of the paragraph.

185-188.    Defendants deny the allegations set forth in these paragraphs.

189.    Defendants Jordan-Randolph, Hepburn, Ajanah, McMillan, O'Neal, and Allgood-Hill admit that some patients with histories of victimization from sexual abuse may need appropriate treatment as a result.  Defendants deny any remaining allegations in the paragraph.

190.    Defendants Jordan-Randolph, Hepburn, Ajanah, McMillan, O'Neal, and Allgood-Hill admit that investigation of sexual contact may require specialized approaches for specific patients. Defendants deny the remaining allegations of the paragraph.

191-193.    Defendants deny the allegations of these paragraphs.

### Count Four

194.    Defendants incorporate by reference their answers to ¶¶s 1 – 193 as if fully set forth in this paragraph.

195-199.    Defendants deny the allegations of these paragraphs.

### Prayer and Ad Damnum Clauses

Answering Plaintiff's Prayer and Ad Damnum clauses, Defendants state that none of the defendants, either jointly or severally, owes Plaintiff any sums of money for any reason, and Plaintiff is not entitled to an injunction.

### AFFIRMATIVE DEFENSES

**First Defense**

Plaintiff's claims under the Maryland Tort Claims Act are barred by her failure to comply with the condition precedent established and required by the Health Care Malpractice Claims Act, Md. CTS & JUD. PROC. Code Ann., §§ 3-2A-01 to 3-2A-10 (2013 Repl. Vol., 2014 Supp.).

**Second Defense**

Defendants generally deny any liability in connection with the matters alleged in Plaintiff's Complaint.

**Third Defense**

The Complaint fails to state a cause of action against any Defendant under any Count.

16

**Fourth Defense**

At all relevant times, Defendants acted in accordance with the applicable standard of care.

**Fifth Defense**

Defendants have not deprived Plaintiff of any rights, either constitutional or statutory, which would entitle her to relief under 42 U.S.C. § 1983; thus, Counts Three and Four of the Complaint do not state a claim upon which the relief prayed can be granted.

**Sixth Defense**

Each and every act and action of the individual defendants taken with respect to Plaintiff was one performed in good faith, in the official discharge of their duties as employees of the Maryland Department of Health and Mental Hygiene, and with a reasonable belief as to the constitutionality and legality of their actions for which they enjoy immunity from liability under State and federal law.

**Seventh Defense**

Plaintiff's federal law claims for money damages against all individual defendants are barred by the doctrine of qualified immunity.

**Eighth Defense**

Plaintiff's state law claims for money damages against all individual defendants are barred by the immunity conferred on State personnel pursuant to Md. CTS & JUD. PROC. Code Ann., § 5-522(b) (2013 Repl. Vol., 2014 Supp.).

**Ninth Defense**

Plaintiff's state law claims for money damages against all individual defendants are barred by the immunity conferred on mental health care providers or administrators pursuant to Md. CTS & JUD. PROC. Code Ann., § 5-609 (2013 Repl. Vol., 2014 Supp.).

17

**Tenth Defense**

All federal law claims against DHMH for monetary damages and for attorneys' fees are barred by sovereign immunity.

**WHEREFORE**, Defendants pray that:

A.   The Complaint be dismissed or that judgment be entered in favor of Defendants;

B.   Defendants be awarded costs incurred; and

C.   Defendants be awarded other and such further relief that the Court deems appropriate.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

FRANCESCA GIBBS
Assistant Attorney General
Federal Bar No. 29729

Maryland Attorney General's Office
 300 West Preston Street, Suite 210
Baltimore, Maryland 21201
Phone: (410) 767-1875
Fax: (410) 333-7467
francesca.gibbs@maryland.gov

KATHLEEN A. MORSE
Assistant Attorney General
Federal Bar No. 06203

Maryland Attorney General's Office
300 West Preston Street, Suite 301
Baltimore, Maryland 21201
Phone: (410) 767-1866
Fax: (410) 333-7467
Kathleen.morse@maryland.gov

*Attorneys for Defendants*

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of December 2014, a true and correct copy of the foregoing Defendants' Answer to Plaintiff's Complaint was served electronically on:

Mitchell Y. Mirviss
Venable LLP
750 E. Pratt St. Suite 900
Baltimore, MD 21202

Lauren Young
Maryland Disability Law Center
1500 Union Ave, Suite 2000
Baltimore, MD 21211

FRANCESCA GIBBS